MEDLINE INDUSTRIES, INC.,

        Plaintiff,

  v.

        Case No. 20-cv-1579-pp

DIVERSEY, INC.,
and PETER MELCHIOR,

        Defendants.

**ORDER DENYING PLAINTIFF'S CIVIL LOCAL RULE 7(h) EXPEDITED, NONDISPOSITIVE MOTION FOR ENTRY OF CONFIDENTIALITY ORDER (DKT. NO. 4) AND DENYING VARIOUS MOTIONS TO SEAL/RESTRICT UNLESS, BY THE END OF THE DAY ON OCTOBER 15, 2021, THE PARTY MAINTAINING THAT THE INFORMATION SHOULD BE RESTRICTED FILES A WRITTEN STATEMENT SHOWING GOOD CAUSE (DKT. NOS. 26, 51, 55, 60, 77, 81, 90, 101 AND 110)**

        The plaintiff filed this lawsuit on October 14, 2020, suing Diversey, Inc. and Peter Melchior. Dkt. No. 1. Not quite three months earlier, the plaintiff had filed suit in the Northern District of Illinois (Case No. 20-cv-4424), suing Diversey and Wypetech, Inc. on similar claims, id. at ¶75; Melchior, the individual defendant in this Wisconsin case, was the only member of Wypetech until July 1, 2020, when he sold his membership interest to Diversey, dkt. no. 71 at 9. After the sale, Melchior continued as president of Wypetech. Id.

        Eight days after the plaintiff filed the instant complaint in the Eastern District of Wisconsin—before the defendants had answered or otherwise responded—it filed an expedited motion asking this court to enter a version of

the agreed confidentiality order negotiated by the plaintiff, Diversey and Wypetech in the Illinois case. Dkt. No. 4. The motion alleged that the parties had negotiated the agreed order in the Illinois case "because the scope of discovery included sensitive customer and pricing information, and acquisition information regarding Diversey's purchase of the membership interests in Wypetech." Id. at ¶4. The plaintiff explained that Diversey had been dismissed from the Illinois litigation on September 28, 2020 due to lack of personal jurisdiction and that it then had "promptly" filed the instant case against Diversey and Melchior in the Eastern District of Wisconsin. Id. at ¶¶6-7.

The plaintiff asserted that there was "substantial factual overlap" of the issues raised in the Illinois case and the issues raised in the instant case, and argued that it would promote "judicial economy" if the parties did not have to "duplicate the discovery" that had been completed in the Illinois case. Id. at ¶8. The plaintiff said that after filing the instant case in Wisconsin, its counsel had contacted Diversey's counsel and asked whether Diversey would agree "that the discovery information produced in the [Illinois case] could be used in the instant case." Id. at ¶9. The plaintiff reported that Diversey's counsel would not agree to this proposal, so the plaintiff "filed a pending motion for leave to use the materials marked 'Confidential' under the Confidentiality Order from the [Illinois case] in the present case." Id. "To ensure that no protections are lost for the information that has already been marked confidential, and to ensure that confidential commercial, financial, and competitive information is protected in the present case," the plaintiff asked this court to enter "as an

2

order of this Court the attached proposed Confidentiality Order from the [Illinois case]." Id. at ¶10. Conceding that the Eastern District of Wisconsin has its own template protective order, the plaintiff asserted that "it makes sense to adopt the form order from the [Illinois case] so that [the plaintiff] and Diversey are not subject to disparate deadlines and obligations regarding confidential information." Id. at ¶10.

Diversey objected. Dkt. No. 8. It first noted that Melchior—its co-defendant in this Wisconsin case—had not yet appeared (or perhaps even been served) and thus could not be heard. Id. at 2-3. Second, it argued that the motion was premature; Diversey planned to file a motion to dismiss that, if granted, would obviate the need for any discovery, and Diversey argued that even if the case survived the motion to dismiss, the parties should have the opportunity to try to negotiate a protective order in this case just as they would in any other litigation. Id. at 3-4.

The court did not rule on the motion right away; though it was filed under the court's expedited, non-dispositive motion procedure, Diversey correctly noted that it was hardly urgent. The court has only just ruled on the defendants' motions to dismiss the amended complaint; the defendants have not yet answered as to the two claims that remain. On April 9, 2021, the parties to the Northern District of Illinois case—the plaintiff and Wypetech, LLC—filed a joint notice of pending settlement. Medline Indus., Inc. v. Wypetech, LLC, Case No. 20-cv-4424 (N.D. Ill.), Dkt. No. 435. Twelve days later, the plaintiff filed a joint motion to dismiss with prejudice, id. at dkt. no.

3

437, and Judge Ronald A. Guzman granted that motion the same day, id. at dkt. no. 438. There is no longer a risk that the plaintiff and Diversey will be subject to conflicting confidentiality requirements imposed by two different courts. The court will deny the plaintiff's motion for entry of confidentiality order. Dkt. No. 4. If appropriate and necessary, the parties may seek a protective order tailored to this case.

In the months since, the parties have filed the following nine motions to seal or restrict documents:

\*	Dkt. No. 26—the plaintiff's motion to seal proposed supplemental brief and exhibits (seeking to seal Dkt. Nos. 28, 28-1 through 28-6, 29 and 29-1 through 29-18);

\*	Dkt. No. 51—the plaintiff's motion to seal its amended complaint for injunctive and other relief (seeking to seal Dkt. No. 52);

\*	Dkt. No. 55—the plaintiff's motion to seal its opposition to the defendants' motion to stay proceedings (seeking to seal Dkt. No. 54);

\*	Dkt. No. 60—Diversey, Inc.'s motion to seal its opposition to the plaintiff's motion for temporary restraining order and preliminary injunctive relief (seeking to seal Dkt. No. 61);

\*	Dkt. No. 77—the defendants' motion to seal their reply brief in support of their motion to stay (seeking to seal Dkt. No. 78);

\*	Dkt. No. 81—the plaintiff's motion to seal its reply in support of its motion for temporary restraining order and preliminary injunctive relief and attachments (seeking to seal Dkt. Nos. 82, 83);

\*	Dkt. No. 90—the plaintiff's motion to seal its opposition to the defendants' motions to dismiss the amended complaint (seeking to seal Dkt. No. 91);

\*	Dkt. No. 101—Diversey, Inc.'s motion to restrict various exhibits to its motion for leave to supplement the record (seeking to seal various exhibits to Dkt. No. 100); and

*       Dkt. No. 110—the plaintiff's motion to seal exhibits to its opposition to Diversey's motion for leave to supplement the record (seeking to seal various exhibits to Dkt. No. 111).

As to the first four motions listed above, Wypetech, Inc.—a non-party—filed a response indicating that it wished the court to seal the documents referenced in the motions, dkt. no. 68, as did Diversey, dkt. no. 69.

All the motions reference the confidentiality order entered in the Northern District of Illinois case and base the moving party's request to seal or restrict on that agreed order. Some of the motions make the general assertion that the documents to be sealed or restricted contain confidential business or financial information.

This court's General Local Rule 79(d)(3) states:

> Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. If the documents or materials sought to be restricted/sealed have been designated confidential by someone other than the filing party, the filing party may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials. In response, the person or party that originally designated the documents or materials as confidential may, if it chooses, provide sufficient facts demonstrating good cause to continue sealing the documents or materials. *Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied and the documents or materials publicly filed by the Clerk of Court, unless otherwise ordered by the Court.*

(Emphasis added.)

In <u>Baxter Intern., Inc. v. Abbott Labratories</u>, 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit addressed generic motions to seal based on protective or confidentiality orders. The court acknowledged that parties often

5

enter into "broad secrecy agreement[s] . . . in order to expedite [the discovery] process by avoiding document-by-document analysis," and it opined that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." Id. at 545 (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)). The court emphasized, however, that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Id. (citing Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893 (7th Cir. 1993); *In re Continental Ill. Securities Litig.*, 732 F.2d 1302 (7th Cir. 1984)). Because the court record is critical to a court's judicial decision, "any claim of secrecy must be reviewed independently." Id. at 545-546.

The court explained why documents dispositive to "any litigation enter the public record notwithstanding any earlier agreement":

> How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing These are among the reasons why very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed. In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault), is entitled to be kept secret on appeal. As we remarked in *Union Oil [Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000)], many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed.

Id. at 546-57 (citations omitted).

The court observed that the parties' joint motion had made "no effort to justify the claim of secrecy;" the motion simply had asserted secrecy "mostly on the basis of the agreement but partly on the ground that these are commercial documents." Id. at 546. The court stated, somewhat tersely, "That won't do," citing Union Oil. The court pointed out that the motion did not "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately be kept from public inspection despite its importance to the resolution of the litigation." Id. (citing Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992)).

The court has reiterated the principles of Baxter since. It has stated that documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern. (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013).

In its response to the plaintiff's early motions to seal, third party Wypetech asserted that the documents the plaintiff sought to seal "contain[ed] Wypetech's confidential and competitively sensitive business information that if publicly known—in particular by Wypetech's competitors—would risk considerable commercial disadvantage and harm to Wypetech." Dkt. No. 68 at 2. It provided the court with a list of documents it claimed contained sensitive information—sales agreements, documents discussion production capacity and supply chain and business strategies, documents discussing revenues and customer bases and vendors, valuations, information about salaries, documents discussing inventory and supply relationships. Id. at 3-4. It also

7

argued that certain documents that the plaintiff did not file under seal should be removed from the public record. Id. at 5. Wypetech stated that the documents were the subject of the confidentiality order issued in the Illinois case and thus that they should be restricted. Id. at 6-7. It also argued that "commercially sensitive, internal business records and information routinely have been afforded confidential treatment by this Court." Id. at 7.

As Judge Griesbach explained in Marine Travelift, Inc. v. Marine Lift Systems, Inc., No. 10-C-1046, 2013 WL 4087555, at *1 (E.D. Wis. 2013),

> Sensitive financial information may be considered a trade secret, constituting good cause for maintaining the information under seal. *See Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, No. 08-C-828, 2011 WL 5105490, *2 (E.D. Wis. Oct. 25, 2011); *see also Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, *9-10 (E.D. Wis. Oct. 24, 2008); *FTC v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, *3 (N.D. Ill. Apr. 5, 2012). For instance, information related to pricing, distribution, and marketing may constitute a trade secret. *See PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995).
>
> But it is not enough simply to assert that disclosure would place a party at a competitive disadvantage. As the Seventh Circuit explained in *Baxter*, a party seeking such relief must explain how disclosure would cause harm and why the harm predicted warrants secrecy:
>
>> Beyond asserting that the document must be kept confidential because we say so (the "agreement is, by its terms, confidential"), this contends only that disclosure "could ... harm Abbott's competitive position." How? Not explained. Why is this sort of harm (whatever it may be) a legal justification for secrecy in litigation? Not explained.
>
> 297 F.3d at 547. The mere fact that a party would prefer to keep its information confidential is not a sufficient reason for sealing it once it is entered into the public record. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case—how much it agreed to

8

Case 2:20-cv-01579-PP   Filed 09/27/21   Page 8 of 11   Document 128

pay for the construction of a pipeline, how many tons of coal its plan uses per day, and so on—be kept from the curious (including its business rivals and customers) but the tradition that litigation is open to the public is of very long standing.").

Wypetech cited Formax, Inc. v. Alkar-Rapidpak-MP Equipment, Inc., No. 11-C-298, 2014 WL 2894898 (E.D. Wis. June 26, 2014) in support of its contention that this court "routinely" seals the types of documents it lists in its response. Dkt. No. 68 at 7. In Formax, Judge Griesbach concluded that some of the documents to be sealed "include information about royalty rates, pricing, sales strategies, design and customers," and agreed to seal those documents because they "reveal[ed] trade secrets and other confidential business information that are not material to the merits of the case." Id. at *6. But Judge Griesbach declined to seal the reply brief and the expert damages report; his review of the entire expert damages report revealed that it was not entirely comprised of confidential information. He observed that information underlying a damages claim must be open to public scrutiny, and while he conceded that some portions of the report might be subject to sealing, the entire report was not. Id. He also declined to seal an entire reply brief, noting that if it did contain confidential information, the filing party could simply redact that information. Id.

Wypetech cites Patriot Universal Holdings, LLC v. Formax, Inc., 24 F. Supp. 3d 802, 808 (E.D. Wis. 2014), in which Judge Griesbach granted a motion to seal "as the materials contained therein are confidential business records." Dkt. No. 68 at 7. This decision contains no discussion of the records or what they contained or how Judge Griesbach came to that conclusion. The

9

court also notes that <u>Patriot Universal Holdings</u> was a patent case, which by its nature involves information so confidential that a party sought a patent to protect it.

Wypetech cited several other cases in which courts in the Eastern District sealed business documents. The court agrees that there are times when business documents may be subject to sealing. But the parties have not demonstrated why the many documents they seek to seal—including *pleadings* upon which this court has relied in ruling on the defendants' motions to dismiss—fall into that category.

The court will deny the motions to seal unless, by the end of the day on **October 15, 2021**, a party provides the court with good cause why the documents—or portions of the documents—should be restricted from public view. The documents will remain restricted until that time. Any documents as to which no party has filed a statement of good cause by day's end on October 15, 2021 will be unsealed or unrestricted the following business day.

The court **DENIES** the plaintiff's motion for entry of confidentiality order. Dkt. No. 4.

The court **DENIES** the parties' motions to restrict or seal, unless by the end of the day on October 15, 2021, a party files a statement showing good cause for restricting a particular pleading, document or portion thereof. Dkt. Nos. 26, 51, 55, 60, 77, 81, 90, 101 and 110.

The court **ORDERS** that if a party files a statement asserting good cause as to the documents sought to be restricted in any of those motions, the court
10

will review it and determine whether to restrict the document or documents referenced. If the court does not receive a statement of good cause by day's end on October 15, 2021 as to a particular document, it will be made public the following business day.

The court **ORDERS** that the documents referenced in these motions will remain **RESTRICTED OR SEALED** pending further order of the court.

Dated in Milwaukee, Wisconsin this 27th day of September, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**