UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MEDLINE INDUSTRIES, INC.,

            Plaintiff,

                                Case No. 20-cv-1579-pp

   v.

DIVERSEY, INC.,
and PETER MELCHIOR,

            Defendants.

**ORDER GRANTING PARTIES' MOTIONS TO RESTRICT AS CLARIFIED IN
THEIR SUPPLEMENTAL BRIEFS (DKT. NOS. 131, 132)**

In its September 27, 2021 order, the court denied a number of motions to seal and restrict by both parties, as well as non-party Wypetech, unless by October 15, 2021 the parties filed statements showing good cause for restricting a particular pleading, document or portion of a document. Dkt. No. 128 at 10. The court found that the original motions—Dkt. Nos. 26, 51, 55, 60, 77, 81, 90, 101 and 110—failed to demonstrate why the documents should be sealed. Id.  On October 15, 2021, defendant Diversey, Inc. filed a response to the court's September 27 order. Dkt. No. 131. That same day, the plaintiff filed a supplemental submission in support of its motions to seal in accordance with the court's order. Dkt. No. 132. Neither party opposes the others' requests.

As the court previously explained, the parties need to demonstrate good cause to have documents or materials sealed from the public eye. Dkt. No. 128 at 6 (quoting General Local Rule 79(d)(3) (E.D. Wis.)).

1

## I.     Diversey

Diversey asks the court to restrict the following documents or portions of documents:

- Dkt. No. 29-4

- Dkt. no. 29-16

- Dkt. No. 82 at 1, 5; dkt. no. 83 at 3.

Dkt. No. 131. Diversey says that Dkt. No. 29-4 features an email exchange between defendant Melchior, in his capacity as president of Wypetech, and a representative of Diversey. Id. at 1-2. According to Diversey that exchange includes an explanation by Melchior of Wypetech's costs for "critical components" for its products, which is sensitive information. Id. at 2. Diversey wants to keep that information out of the hands of competitors. Id. Diversey asserts that this information meets the definition of a trade secret, because "it derives independent economic value from not being known or readily ascertainable by Wypetech's competitors, and is subject to reasonable efforts to maintain its secrecy." Id. (citing Wis. Stat. §134.90(1)(c)). Diversey argues that the information should therefore be restricted. Id. (citing Marine Travel Lift, Inc. v. Marine Lift Systems, Inc., No. 10-C-1046, 2013 WL 4087555, *1 (E.D. Wis. 2013)).

As to Dkt. No. 29-16, Diversey asserts that it contains a spreadsheet attachment detailing "Wypetech's customers and their products, including their material specifications and the costs of *their* product components – *i.e.*, of the wipes they purchase from Wypetech." Id. at 3 (original emphasis). Again,

2

Diversey says that disclosure of these costs would risk harm to Wypetech and its customers. Id. It contends that Wypetech, a non-party in the case, "maintains strict confidentiality over information about its customer's product specifications and pricing." Id. Diversey also says the information is not relevant to the case.

Finally, Diversey seeks to seal Wypetech's purchase price, stated in Dkt. No. 82 at 1, 5 and Dkt. No. 83 at 3. Dkt. No. 131 at 4. Diversey asserts that the price is not public information and has no bearing on the case. Id. at 4-5. It states that this information, if made public, could cause competitive harm. Id. at 5. It also suggests that the purchase price essentially amounts to the private income of Melchior, because he owned 100% of Wypetech at the time of its sale. Id. Diversey cites several examples of legal protections afforded to personal financial information. Id.

"Where confidential material is non-dispositive, or where documents contain 'trade secrets or other categories of bona fide long-term confidentiality,' sealing may be appropriate." Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc., No. 11-C-0298, 2013 WL 2452703, *1 (E.D. Wis. June 5, 2013) (citing Baxter Intern, Inc. v. Abbott Labs., 297 F.3d 544, 547 (7th Cir. 2002)). "Maintaining a document under seal may be necessary where public disclosure of the information would effectively afford 'other firms an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstance of the [document]'s having become caught up in litigation and as a result having become filed in court.'" Id. (quoting Smithkline

Beecham Corp. v. Pentech Pharm., Inc., 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 20003)).

The pages Diversey seeks to have sealed reflect confidential information in the form of costs, internal strategy and relationships between Diversey and its customers. There is no value in giving the public access to this immaterial information. The court will grant defendant Diversey's request to restrict most of the documents. The court concludes, however, that the request to restrict the entirety of the documents that mention the purchase price—Dkt. Nos. 82, 83—is overly broad. The court will keep those documents restricted, but by the date specified below, Diversey must file redacted versions of the documents, redacting only the purchase price.

## II.    Medline

The plaintiff asks to "redact limited categories of information from a small set of documents that were filed under seal with the court":

- Dkt. Nos. 64-22 and 100-4

- Dkt. Nos. 80-1 at 79,[1] 80-21 at 14-110, and 99-10

- Dkt. No. 99-17

- Dkt. No. 99-23

Dkt. No. 132 at 1-2. The plaintiff asks the court to replace the four relevant documents with their redacted versions.

---

[1] The plaintiff's brief asks to redact information on page 76, but the redacted information in the attached document is on page 79. See dkt. no. 132 at 2; dkt. no. 80-1 at 79.

As to Dkt. Nos. 64-22 and 100-4, the plaintiff says that the documents describe its strategy as of June 9, 2020 for a disinfectant wipe product. Id. It insists that good cause exists to redact this information because it relates to its profit margins and product costs. Id. Similarly, the plaintiff says that the next set of documents—Dkt. Nos. 80-1 at 79, 80-21 at 14-110, and 99-10— "describe a potential price increase that Wypetech attempted to pass along to Medline on four different products, thus disclosing a portion of Medline's confidential cost structure." Id. at 2. As to Dkt. No. 99-17, the plaintiff asserts that it reveals its prices from a different supplier. Id. The plaintiff says that Dkt. No. 99-23 discloses its net sales and information on its margin for a specific type of wipe, as well as the details of a dispute it had with a different supplier. Id.

The plaintiff asserts that it guards competitively sensitive information and explains the harms that could amount if its competitors were able to access this information. Id. at 2-3. It urges the court to override the presumption of open judicial records, arguing that it has a legitimate interest in protecting its confidential financial information. Id. at 3. As did Diversey, the plaintiff also asserts that the information it seeks to have redacted is immaterial to the case. Id. at 3. The plaintiff insists that there is no public interest in making this information readily accessible. Id. at 4.

The court finds that the documents the plaintiff seeks to have redacted are unrelated to the remaining issues in the case and are sensitive to the operations of its business. Should the information be made publicly available,

5

it would give an unfair advantage to the plaintiff's competitors, as well as Diversey's competitors and likely Wypetech's competitors. The plaintiff has also sought to restrict access to only a very limited subset of information, choosing to redact small portions of pages that will otherwise be publicly available.

### III.    Conclusion

The court **GRANTS** defendant Diversey's motion to restrict as clarified in its supplemental brief. Dkt. No. 131.

The court **ORDERS** that by the end of the day on **June 10, 2022**, Diversey must file redacted versions of Dkt. Nos. 82 and 83, redacting only the purchase price.

The court **ORDERS** that the filings at Dkt. Nos. 29-4, 29-16, 82 and 83 are **RESTRICTED** to the parties and court users.

The court **GRANTS** the plaintiff's motion to seal as clarified in its supplemental brief. Dkt. No. 132.

The court **ORDERS** that Exhibit A at Dkt. No. 132-1 be **SUBSTITUTED** for current Dkt. No. 64-22; Exhibit B at Dkt. No. 132-2 be **SUBSTITUTED** for current Dkt. No. 100-4; Exhibit C at Dkt. No. 132-3 be **SUBSTITUTED** for current Dkt. No. 80-1; Exhibit D at Dkt. No. 132-4 be **SUBSTITUTED** for current Dkt. No. 80-21; Exhibit E at Dkt. No. 132-5 be **SUBSTITUTED** for current Dkt. No. 99-10; Exhibit F at Dkt. No. 132-6 be **SUBSTITUTED** for current Dkt. No. 99-17; and Exhibit G at Dkt. No. 132-7 be **SUBSTITUTED** for current Dkt. No. 99-23.

The court **ORDERS** that once the above documents have been substituted, the clerk must **UNSEAL** or **UNRESTRICT** the filings at Dkt. Nos. 28, 29 (with the exception of Dkt. Nos. 29-4 and 29-16), 52, 54, 61, 63, 64, 65, 78, 80, 91, 99, 100, 111 and 132.

Dated in Milwaukee, Wisconsin this 23rd day of May, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**